Benjamin W. Lusby, John A. Lusby, Executor of Eli Lusby, and others *vs.* P. Dorsey Carr, Executor of John H. Thomas, and others.

*Abandonment by agreement, of the Right to Call for Contribution on the part of Sureties.*

A collector of State and county taxes in Anne Arundel County, having made default in paying over the taxes collected by him, his bonds were put in suit, and he was indicted under the Act of 1872, ch. 329, for his defalcation. In this state of the case, an arrangement was made by which the money was raised and the indebtedness to the State and county paid off. To secure the repayment of the money thus borrowed, the father and uncle of the defaulting collector, executed a mortgage of their real estate. The mortgage notes were signed by the collector, the two mortgagors and also by C., W., and T., the names of the latter being required by the parties from whom the money was borrowed, as additional security for the loan. At the time this arrangement was entered into, it was made, as shown by the proof, with the distinct understanding and agreement between C., W., and T. on the one side, and the two mortgagors on the other, all of whom were sureties on the official bonds of the defaulting collector, that if the money was thus raised, or if C., W., and T. went upon the notes as securities to the lenders, for the money loaned, the entire real estate of the two mortgagors (which was then deemed ample for the purpose) should be placed between them, and all harm or loss, and that, thenceforth, their only liability would be to make good to the lenders any deficiency of the mortgaged real estate. Held:

That by this agreement, and the application of the money borrowed to the payment of the debts due the State and county, the liability of C., W., and T. as sureties on the bonds was extinguished, and all right on the part of the two mortgagors to call on them for contribution on account of such suretyship was expressly waived and abandoned.

Appeal from the Circuit Court for Anne Arundel County, in Equity.

The bill of complaint in this case was filed by Benjamin W. Lusby, for the purpose of obtaining contribution from his co-sureties on certain bonds executed by James Lusby, with his sureties, as collector of State and county taxes in Anne Arundel County, for the year 1875. The said James Lusby failed to account for the taxes which he collected, the deficiency being somewhat over four thousand dollars on the two bonds, and suits were thereon instituted, and at April Term, 1877, of the Circuit Court for Anne Arundel County, a judgment was recovered on the bond for county taxes, against the principal and all the sureties, and the case for the State taxes was "continued." James Lusby was also indicted at April Term, 1877, on two presentments under the Act of 1872, ch. 329, as a public defaulter. In November, 1877, prior to the filing of the bill of complaint, Eli Lusby died, leaving a will in which John A. Lusby, one of his sons, was named executor, and in September, 1878, John H. Thomas died, leaving a will in which P. Dorsey Carr was appointed executor, and letters testamentary were in due course granted to said executors on the several estates, and to the bill the said executors, the heirs-at-law of said Eli Lusby, and the devisees and legatees of the said John H. Thomas, were all made parties. The mortgaged property of Eli and Benjamin W. Lusby was sold, but did not sell for enough to pay the debt. Judgments were obtained at April Term, 1880, against James Lusby, Benjamin W. Lusby, P. Dorsey Carr and Charles S. Welch, on the mortgage notes, and judgments for assets against the executor of Eli Lusby and John H. Thomas, respectively. The case is further stated in the opinion of the Court. The Court (MILLER, J.,) passed an order dismissing the bill of complaint, with costs. From this order the present appeal was taken.

The cause was argued before ALVEY, YELLOTT, STONE, ROBINSON, IRVING, and RITCHIE, J.

*Frank H. Stockett, Jr.*, and *Frank H. Stockett*, for the appellant, Benjamin W. Lusby.

*James H. Hodges*, for the appellant, John A. Lusby, executor of Eli Lusby.

*James Revell*, and *William H. Tuck*, for the appellees.

RITCHIE, J., delivered the opinion of the Court.

Chief Judge MILLER, of the Circuit Court, who sat below in this case, in passing the order appealed from, delivered the following opinion:

"This case has been thoroughly and ably argued. I do not, however, deem it necessary to consider and determine many of the questions which counsel have presented. In my judgment, the case must be disposed of by taking a single view of it, founded upon the well settled legal proposition, that 'co-sureties, otherwise entitled to contribution, may, by agreement among themselves, so far sever their unity of interest and obligation, as to terminate the right to contribution.' 1 *White & Tudor's Lead. Cases in Equity*, 169.

"It is conceded that Eli Lusby, Benjamin W. Lusby, P. Dorsey Carr, Charles S. Welch, Samuel Garner and John H. Thomas, became sureties upon the official bonds of James Lusby, who was collector of State and county taxes in Anne Arundel County for the year 1875. This collector was the son of Eli, and the nephew of Benjamin W. Lusby, the complainant, and made default in paying over to the State and county the taxes collected by him. If, then, Eli and Benjamin had come forward and paid up this indebtedness, and there was nothing else in the case, their right to contribution from their co-sureties could not

be resisted. But this was not done, nor is such the nature and effect of the transactions which subsequently took place.

"The bonds of the defaulting collector were not only put in suit, but at the April Term, 1877, of the Circuit Court for Anne Arundel County, he was indicted under the Act of 1872, ch. 329, for his defalcation. If he had been tried and convicted of this charge, his punishment would have been confinement in the penitentiary for not less than one year, unless the amount for which he was defaulter was sooner paid. In this state of the case, the father naturally became anxious that his son should be relieved from the dangerous position in which he was placed, and an arrangement was made by which the money was raised, and the indebtedness to the State and county paid off. The negotiations which resulted in the raising of this money took place in the latter part of May, and the transaction was consummated on the 5th of June, 1877.

"Upon the true character and effect of this arrangement, the case in my judgment turns. Without going into the testimony at length or in detail, the effect of it is briefly this:

"Money to the amount of about $5000 was borrowed from certain parties through the agency of Mr. Bannon, and to secure the payment of the same, Eli and Benjamin W. Lusby executed a mortgage of their real estate. The mortgage notes were signed by James Lusby, Eli and Benjamin W. Lusby, and also by Carr, Welch and Thomas, the names of the latter being required by the parties from whom the money was borrowed, as additional security for the loan. At the time this arrangement was entered into, the proof, as I read it, clearly establishes the fact that it was made with the distinct understanding and agreement between these three parties, Carr, Welch and Thomas on the one side, and the two Lusbys—Eli and

Benjamin—on the other, that if the money was thus raised, or if the three former went upon the notes as securities to the lenders, for the money loaned, the entire real estate of the two Lusbys, (which was then deemed ample for the purpose,) should be placed between them and all harm or loss, and that, thenceforth; their only liability would be to make good to the lenders any deficiency of the mortgaged real estate. By this agreement, and the application of the money borrowed, to the payment of the debts due the State and county, their liability as sureties on the bonds was extinguished, and all right on the part of the two Lusbys to call on them for contribution on account of such suretyship was expressly waived and abandoned. That such was the agreement of the parties at the time this transaction took place, and as an inducement to it, is a fact which I regard as clearly established by the proof both oral and documentary bearing upon the subject. It is, moreover, just such an agreement as one would expect to find made under the circumstances. It was reasonable and natural that the father should be willing to pledge his property to save his son from the penitentiary, and that the uncle should be willing to aid his brother and nephew in such a difficulty. Natural affection and the desire to avert disgrace from the family were strong and impelling motives for prompt action, and sacrifice of property on their part. But no such motives or inducements were pressing upon the minds of either Carr, Welch or Thomas. On the contrary, natural resentment against a party who had thus abused their confidence, would have prompted them to let the criminal law take its course against the offender. They would have been in no worse position, pecuniary or otherwise, whether he was in the penitentiary or out of it. The only inducement for them to change their relations to the Lusbys, and to enter into new and different obligations to other parties, was a release of their obligation to contribute towards payment of the

defaulter's debts. And when the proposition to aid in raising the money, in the mode proposed, was made to them, they had a perfect right to bargain for security against loss and liabilities already incurred as a consideration for their compliance.

"In reaching this conclusion as to the existence and effect of the agreement referred to, I have not relied upon the testimony of any of the witnesses to whose competency exceptions have been taken, but only upon that of witnesses who are clearly competent, and upon testimony to which it is plain no well founded objection can be made. It is not, therefore, necessary to pass in detail upon the numerous exceptions filed to the testimony. Many of them are obviously well taken, and were conceded to be so in argument. The most important of them raise some interesting questions under the Evidence Act. They relate to the competency of the several parties, Carr, Welch, and Benjamin and James Lusby, to testify in the case, Eli Lusby and Thomas, two of the sureties on the bonds, being dead, and their executors being parties to the suit. But, as I have said, no opinion upon this point is necessary, because in disposing of the case I have not considered or relied upon the testimony of either of these parties.

"If I am right in the view I have thus taken of the case, the result is that the complainant has failed to make out a case for relief, and his bill must be dismissed."

After an examination of the record, and upon full consideration of the able arguments of the respective counsel, we have reached the same conclusions arrived at in the Court below. And also, concurring with Judge MILLER in the views of the case expressed by him, we adopt his opinion as the opinion of this Court.

It follows that the order appealed from must be affirmed.

*Order affirmed.*